Slip Op. 20-159

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG INFANG FRUIT & VEGETABLE CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, and VALLEY GARLIC,<br><br>    Defendant-Intervenors. | Before: Leo M. Gordon, Judge<br><br>Court No. 19-00211 |

**OPINION**

[Commerce's New Shipper Review sustained.]

Dated: November 5, 2020

    Gregory Stephen Menegaz, Alexandra H. Salzman, and John Joseph Kenkel, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiff Jinxiang Infang Fruit & Vegetable Co., Ltd.

    Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC, for Defendant United States. With him on the brief were Jeffrey Bossert Clark, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Brendan Saslow, Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance of Washington, DC.

    Michael Joseph Coursey, John M. Herrmann II, and Joshua Rubin Morey, Kelley Drye & Warren, LLP of Washington, DC, for Defendant-Intervenors Fresh Garlic Producers Association, Christopher Ranch, LLC, The Garlic Company, and Valley Garlic.

Gordon, Judge: Among other guidance aimed at promoting the efficient disposition of this action, the Scheduling Order cautioned Plaintiff, Jinxiang Infang Fruit & Vegetable Co., Ltd. ("Infang") "not to rely too heavily on its administrative case briefs" and not to "merely cut-and-paste arguments from administrative case briefs, and think anew about the issues against the operative standards of review the court must apply." Scheduling Order at 2, ECF No. 31. The Scheduling Order also cautioned that failure to heed the guidance may result in the court "summarily sustaining Commerce's action . . .." Id. at 3.

Plaintiff did not heed the cautionary guidance. Compare Pl.'s Mem. in Support of Mot. for Judgment on Agency Record, ECF No. 32-2, with Infang Admin. Case Brief, PD[1] 110. Plaintiff also failed to disclose a related case on its Information Statement. See Information Statement at 2, ECF No. 2 (omitting Shenzhen Xinboda Indus. Co. v. United States, 42 CIT ___, 357 F. Supp. 3d 1295 (2018)).

The court notified the parties that Plaintiff had largely replicated its administrative case brief as its USCIT Rule 56.2 opening brief. See Letter Concerning Opening Brief, ECF No. 33. The court then conducted a conference call, Teleconference, ECF No. 36, and ordered Plaintiff to show cause why the court should not summarily sustain the agency's determination in Fresh Garlic from the People's Republic of China, 84 Fed. Reg. 61,023 (Dep't of Commerce Nov. 12, 2019) (final results new shipper review) ("New Shipper Review"). See Memorandum and Order, ECF No. 37 ("Order to Show Cause").

---

[1] "PD" refers to a document contained in the public administrative record, which is found in ECF No. 29-3, unless otherwise noted. "CD" refers to a document contained in the confidential administrative record, which is found in ECF No. 29-2.

Court No. 19-00211                                                                                                    Page 3

Plaintiff submitted a lengthy apologia. Pl.'s Response to Court's Request/Order to Show Cause, ECF No. 38. Defendant and Defendant-Intervenor then filed their comments. Defendant's Resp. to Pl.'s Resp. to Order to Show Cause, ECF No. 40 ("Def's Resp."); Def.-Intervenor's Letter in Lieu of Comments Addressing Pl.'s Resp. to Order to Show Cause, ECF No. 39. Defendant explains the problems with Plaintiff's apologia and opening brief:

> As Infang recognizes, the Court's definition of a related case is fairly clear. The Court defines a "related case" as any "action . . . that involve{s} a common question of law or fact with any other action(s) previously decided or now pending." Pl. Resp. to [Order to Show Cause], ECF No. 38 at 6. Infang then goes on, however, to insist that Xinboda is not a related case. In Xinboda, the Court addressed the same product and similar surrogate country and value issues the Court is being asked to decide in this case. The Court in Xinboda evaluated Commerce's surrogate country and value determinations and rejected plaintiff's challenges based upon a substantial evidence standard of review. Infang may disagree with the result in that case, but the case by virtue of the identity of the parties and the similarity of issues does appear to be encompassed under the Court's "related case" definition.
> 
> . . .
> 
> Infang knew that Xinboda would be important in this Court's assessment of the matter. In the very first paragraph of its opening brief, Infang discloses that it understands that Commerce relied "primarily" on Xinboda in reaching a surrogate country decision. See Pl. Opening Br., ECF No. 32-2 at 1 ("The Department primarily rests its selection of Romania on this court's opinion in {Xinboda}."). Yet even with that acknowledgment, Infang omits any mention of Xinboda in its related case statement, and from there, mentions the case only once in passing in its opening brief, where it references a specific point relating to the translation of some articles in the record. Id. at 18.
> 
> . . .
> 
> In addressing why it "simply copied its administrative case brief without a new evaluation of its case and arguments against the court's standard of review and applicable precedents like Xinboda," [Order to Show Cause], ECF No. 37 at 4, Infang seems to blame Commerce for its error. According to Infang, it copied its administrative case brief because Commerce "largely

ignored {its} arguments and record evidence{.}" Pl. Resp. to [Order to Show Cause], ECF No. 38 at 15. Infang insists that Commerce "added very little analysis that had not already been addressed in {its} administrative case brief," and for that reason, it felt "its administrative case brief" was "already appropriately framed for its R56.2 brief before this Court." Id.

We disagree. We understand that Infang would like to persuade the Court that Commerce largely ignored Infang's arguments and record evidence, but saying so frequently does not establish the point. Infang must consider the parameters of this Court's standard of review and argue within those confines. This Court does not consider the merits of the matter de novo, and this Court's standard of review is not the standard that guides Commerce's decision making. We presume that Infang, in its case brief to Commerce, sought to persuade Commerce based upon the standards that guide Commerce's decision making. Before this Court, Infang should seek to persuade the Court based upon the standard of review that guides the Court's consideration of the challenged Commerce determination. Briefing the matter as it was briefed to Commerce, even assuming that the brief to Commerce should have been unquestionably persuasive within the confines of the standards that guide Commerce's decision making, ignores the standard of review that this Court applies when considering whether Commerce erred in its determination.

Despite Infang's claims otherwise, Commerce's decision manifests that Commerce reviewed and assessed each of Infang's arguments, Issues & Decisions Memorandum (IDM), ECF No. 29-4, and then explained why those arguments, based upon its review of the record evidence, were not persuasive, id. at 4-6, 7-8, 10-11, and 13-15. Contrary to Infang's claim, Commerce's decision addressed Infang's arguments and then specifically rejected them based upon substantial evidence contained in the record. Despite these facts, Infang suggests that it acted reasonably to ignore Commerce's decision in its opening brief because the decision itself "added very little analysis." But the decision is what is under review. And Infang, which bears the burden of demonstrating Commerce erred, is responsible for explaining precisely why the decision cannot be sustained. Infang's claim that it had no choice but to replicate an entire administrative case brief because Commerce supposedly "ignored Infang's argumentation," Pl. Resp. to OSC, ECF No. 37 at 18, even though Commerce's decision clearly distills and addresses those arguments in reaching its determinations, is not supported by the record before the Court. In this Court, Infang must identify what part of Commerce's decision it believes is wrong and why.

Def's Resp. 2–5.

Court No. 19-00211 Page 5

    For the reasons explained by Defendant, Plaintiff's arguments about why it replicated its administrative case brief before the court are unpersuasive. Therefore, Plaintiff's Motion for Judgment on the Agency Record is denied, and Commerce's determination in the <u>New Shipper Review</u> is sustained. Judgment will be entered accordingly.

                                        <u>/s/ Leo M. Gordon</u>
                                          Judge Leo M. Gordon

Dated: November 5, 2020
      New York, New York